UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                    :

In re:                               :     Case No. 21-_____ (___)
                                      :

SEISENBACHER INC.,          :     Subchapter V
                                      :

                Debtor.[1]     :
---------------------------------------------------------------x

### DEBTOR'S MOTION FOR ENTRY OF ORDER AUTHORIZING (I) BAR DATES FOR FILING CLAIMS, AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Seisenbacher Inc. (the "Debtor"), as debtor and debtor in possession, respectfully represents as follows:

## BACKGROUND

### General

1.     On the date hereof (the "Petition Date"), the Debtor commenced a voluntary case under subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.  The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### The Debtor's Business

2.     The Debtor manufactured various interior components for passenger railway car manufacturers.  These components, primarily aluminum, consist of anything above shoulder level in a passenger car (such as overhead luggage racks, ceiling panels, and components for HVAC and lighting systems).

---

[1]    The last four digits of the Debtor's federal tax identification number are 1744.

4843-5161-6982.3

3.     While the Debtor was a party to several long term contracts with railway manufacturing leaders, many of these contracts were not profitable and often the costs exceeded the customer pricing under those contracts. Moreover, as a result of the COVID-19 pandemic, the Debtor was forced to scale down its manufacturing output which led to significant delays in delivery (and therefore payments by customers) creating a severe liquidity crunch for the Debtor's operations.

4.     Starting in the middle of 2020, the Debtor started to explore various restructuring and financing options. While these efforts ultimately did not produce the result that the Debtor had hoped for, prior to the filing of this case the Debtor sold substantially all of its assets (which consisted primarily of inventory in various stages of production) to two third-parties and ceased operations in December 2020.

5.     Additional information regarding the Debtors' business, capital structure, and the circumstances leading to this chapter 11 filing is set forth in more detail in the *Declaration of Andrew Callahan in Support of First Day Motions* (the "First Day Declaration"), which is incorporated herein by reference and filed contemporaneously herewith.

**JURISDICTION AND VENUE**

6.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.     The statutory bases for the relief requested herein are Bankruptcy Code sections 105(a), 501, 502(b)(9), and 503(b)(9), Bankruptcy Rules 2002 and 3003, and Local Rules 2002-1 and 3003-1.

<u>**RELIEF REQUESTED**</u>

I.    **Request for an Order (I) Establishing Bar Dates and Related Claims Procedures, and (II) Approving Form and Manner of Notice**

8.    The Debtor seeks authority, pursuant to Bankruptcy Rule 3003(c)(3), that the Court (i) establish the bar dates and related claims procedures proposed by the Debtor, and (ii) approve the form and manner of notice thereof. The Debtor expects to file a plan of reorganization ("Plan") and proceed to confirmation quickly in this case. To be in a position to make distributions under a confirmed plan, Debtor requires, *inter alia*, complete and accurate information regarding the nature, validity, and amount of claims[2] that will be asserted against the estate.

II.   **Establishment of the Bar Dates**

    B.    **General Bar Date**

9.    Bankruptcy Rule 3003(c)(3) requires that the Court fix a time within which proofs of claim must be filed. Local Rule 3003–1 incorporates the Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claims ("Procedural Guidelines"), which provide that "the suggested Bar Date should be at least thirty-five (35) days after the mailing date and at least twenty-eight (28) days after the publication date . . . ." Procedural Guidelines at ¶ 2.

10.   Debtor requests that the Court establish March 15, 2021 at 5 p.m. ET ("General Bar Date")[3] as the deadline for filing (a) proofs of claim against Debtor on account of prepetition unsecured or secured, priority, or nonpriority claims (as defined in section 101(5) of the

---

[2]    As used in the Motion, the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code.

[3]    The proposed General Bar Date is 35 days after the presentment date, plus one day for processing and entry of the proposed order approving this Motion.

3

Bankruptcy Code), (b) proofs of claim on account of claims arising under section 503(b)(9) of the Bankruptcy Code ("503(b)(9) Claims"), and (c) proofs of claims with a right of setoff (each a "Setoff Claim," collectively the "Setoff Claims") that any party could assert against Debtor.

11.     After an order is entered approving this Motion ("Bar Date Order"), Debtor will serve a notice of the bar dates and a general proof of claim form upon all known entities holding potential claims subject to the Bar Dates. The General Bar Date will amount to no less than 35 days' actual notice of the Bar Dates.

12.     Debtor submits that the notice period provided by the Bar Dates is sufficient to comply with the Bankruptcy Rules and Local Bankruptcy Rules in light of the proposed notice procedures herein. Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides in relevant part, "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, 21 days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), and the Local Rules through the Procedural Guidelines suggest 35 days' notice, neither the Bankruptcy Code nor the Bankruptcy Rules specify a determinate time by which proofs of claim must be filed in chapter 11 cases, other than section 502(b)(9) of the Bankruptcy Code, which provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file proofs of claim.

13.     Except as otherwise provided herein, the General Bar Date will apply to all claims of any kind that arose prior to the Petition Date, including 503(b)(9) Claims and Setoff Claims. The claims subject to the General Bar Date are referred to herein as "General Claims."

4843-5161-6982.3

14.     Unless they fall within one of the exceptions described below, the General Bar Date is the date by which all entities holding prepetition General Claims must file proofs of claim with respect to such General Claims.

15.     Debtor proposes that the filing of a proof of claim form be deemed to satisfy all procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

**C.      Government Bar Date**

16.     Pursuant to section 502(b)(9) of the Bankruptcy Code, a proof of claim filed by a governmental unit is deemed timely if it is filed within 180 days after the Petition Date. The voluntary petition was filed on January 19, 2021. Accordingly, Debtor requests that this Court establish July 19, 2021 at 5 p.m. ET (180 days after the Petition Date) as the Governmental Bar Date in this case. The Governmental Bar Date will apply to all governmental units holding claims against Debtor (whether secured, unsecured priority, or unsecured nonpriority, and any claim for setoff of mutual debts) that arose prior to the Petition Date, including governmental units with claims against Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which Debtor was a party.

**D.      Rejection Bar Date**

17.     Debtor anticipates that certain entities may assert claims in connection with Debtor's rejection of executory contracts or unexpired leases pursuant to section 365 of the Bankruptcy Code. Debtor proposes that for any claim relating to Debtor's rejection of an executory contract or unexpired lease pursuant to a Court order entered, or applicable notice filed, prior to confirmation of a plan of reorganization (a "Rejection Order"), the Rejection Bar

4843-5161-6982.3

Date for such a claim will be the later of (i) the General Bar Date, and (ii) 35 days after the entry of the Rejection Order.

    **E.**    **Amended Schedules Bar Date**

    18.    Debtor may amend or supplement its Schedules, including designation of any scheduled claim as disputed, contingent, or unliquidated. If Debtor amends or supplements the Schedules, Debtor will give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules. In particular, if Debtor amends or supplements its Schedules to reduce the undisputed, noncontingent, and liquidated amount, to change the nature or classification of a claim against Debtor, or to add a new claim in the Schedules, any affected entities that dispute such changes must, by the Amended Schedules Bar Date, file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein. Debtor requests that the Amended Schedules Bar Date be established as the later of: (a) the General Bar Date; or (b) 35 days after the date that the notice of the applicable amendment or supplement to the Schedules is sent to the entity. Notwithstanding the foregoing, nothing contained herein shall preclude Debtor from objecting to any claim, whether scheduled or filed, on any grounds.

**III.**    <u>**Proofs of Claim that Must be Filed by the General Bar Date**</u>

    19.    Subject to the terms described above for holders of claims subject to the Governmental Bar Date, Rejection Bar Date, and the Amended Schedules Bar Date, Debtor proposes that the following entities be required to file proofs of claim on or before the General Bar Date:

        a.    any entity (i) whose prepetition claim against Debtor is not listed in the Schedules or is listed as disputed, contingent, or unliquidated, and (ii) that desires to share in any distribution in this chapter 11 case; and

6

4843-5161-6982.3

Case 2-21-20022-PRW,  Doc 1-4,  Filed 01/19/21,  Entered 01/19/21 18:36:26,
Description:  Debtors Motion for Entry of Order Authorizing Bar Dates and Approving the, Page 6 of 32

b.      any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount different from the classification or amount identified in the Schedules.

## IV.     Proofs of Claim Not Required to be Filed by the General Bar Date

20.     Debtor proposes the following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file proofs of claim:

a.      any entity that already has filed a signed proof of claim against Debtor in a form substantially similar to Official Bankruptcy Form No. B 410 with the Debtor's claims and administrative agent, agent Epiq Corporate Restructuring, LLC (the "Claims Agent").

b.      any entity (i) whose claim against Debtor is not listed as disputed, contingent, or unliquidated in the Schedules, and (ii) which agrees with the nature, classification, and amount of its claim as identified in the Schedules;

c.      any entity whose claim against Debtor previously has been allowed by, or paid pursuant to, an order of the Court;

d.      any current or former officer, director, or employee of any Debtor for claims based on indemnification, contribution, or reimbursement (these claims are being resolved in the Plan); and

e.      any claim of Seisenbacher GmbH, the Debtor's parent company (these claims are being resolved in the Plan).

## V.      Administrative Expense Claims Not Required to be Filed

21.     Administrative expense claims[4] will be paid by Debtor in the ordinary course of its business, and need not file proofs of claim. For the avoidance of doubt, Debtor proposes the

---

[4]      As used in this motion, the term "administrative expense claim" means a claim for costs or expenses of administration allowed under sections 503(b), 507(b), or 1114(e)(2) of the Bankruptcy Code, excluding claims under sections 503(b)(9) and 503(b)(1)(D) of the Bankruptcy Code.

4843-5161-6982.3

following holders not be required to file a proof of claim on account of any administrative

expense claim:

    a.        any party that has already properly filed an administrative expense claim that clearly sets forth that such party is asserting an administrative expense claim;

    b.        any party whose administrative expense claim has been allowed by a prior order of the Court;

    c.        any professional advisor (e.g., attorneys, financial advisors, accountants, claims agents) whose administrative expense claim is for compensation for legal, financial advisory, accounting, and other services and reimbursement of expenses awarded or allowed under sections 330(a), 331, or 503 of the Bankruptcy Code;

    d.        any claim of any current or former officer or director of the Debtor for indemnification or contribution or based upon any officer or director or other policy of insurance (these claims are being resolved in the Plan;

    e.        Seisenbacher GmbH, the Debtor's parent company (these claims are being resolved in the Plan); and

    f.        governmental entities holding claims covered by section 503(b)(1)(B), (C), or (D) of the Bankruptcy Code.

## VI.    <u>No Requirements to File Proofs of Interest</u>

22.    Debtor proposes that any entity holding an interest in Debtor ("<u>Interest Holder</u>"),

which interest is based exclusively upon the ownership of: (a) a membership interest in a limited

liability company; (b) common or preferred stock in a corporation; or (c) warrants or rights to

purchase, sell, or subscribe to such a security or interest (any such security or interest being

referred to herein as an "<u>Interest</u>"), need not file a proof of interest on or before the General Bar

Date; provided, however, Interest Holders who want to assert claims against Debtor that arise out

of or relate to the ownership or purchase of an Interest, including claims arising out of or relating

to the sale, issuance, or distribution of the Interest, must file a claim by the applicable Bar Dates,

unless another exception identified in this motion applies.

4843-5161-6982.3

**VII.   Procedures for Providing Notice of and Filing Proofs of Claim**

23.     Debtor proposes the following procedures for providing notice of the Bar Dates and for filing proofs of claim with respect to General Claims. Debtor proposes to serve on all known entities holding potential prepetition General Claims: (a) a notice of the Bar Dates substantially in the form of the notice attached hereto as **Exhibit B** and incorporated herein by reference ("Bar Date Notice"); and (b) a proof of claim form substantially in the form attached as **Exhibit C** ("Proof of Claim Form"); (collectively with the Bar Date Notice and the Proof of Claim Form, "Bar Dates Notice Package").

24.     As soon as practicable, but no later than three business days after the entry of the Bar Date Order, Debtor intends to mail the Bar Dates Notice Package by first-class United States mail to: (a) all holders of claims or potential claims listed in the Schedules; (b) the U.S. Trustee; (c) the Office of the United States Trustee for the Western District of New York; (d) all parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Dates Order; (e) all counterparties to executory contracts and unexpired leases of Debtor listed in the Schedules; (f) all parties to litigation with Debtor, if any; (g) the District Director of Internal Revenue for the Western District of New York and all other taxing authorities for the jurisdictions in which Debtor conducts business; (h) all holders of record of any Interests in Debtor as of the date of the Bar Date Order, if any (although copies of the Proof of Claim Form will not be provided to them); (i) all other entities listed on Debtor's consolidated matrix of creditors; and (j) counsel to any of the foregoing, if known.

25.     In order to provide broad and appropriate notice to unknown creditors, Debtor proposes to publish notice of the Bar Date pursuant to Bankruptcy Rule 2002(l). Specifically, Debtor intends to publish notice of the Bar Date in one daily edition of either the New York Times, the Wall Street Journal, or USA Today, national editions, in consultation with the United

9

4843-5161-6982.3

Case 2-21-20022-PRW,   Doc 1-4,   Filed 01/19/21,   Entered 01/19/21 18:36:26,
Description:  Debtors Motion for Entry of Order Authorizing Bar Dates and Approving the, Page 9 of 32

States Trustee for the Western District of New York no later than 28 days prior to the General Bar Date. Given the geographical scope of Debtor's business, Debtor believes this publication will provide adequate notice of the Bar Date to unknown creditors.

26.     Debtor respectfully submits that the publication procedures described are "reasonably calculated under the circumstances to apprise an interested party of the pendency of the bankruptcy case" and the requirement of filing a Proof of Claim by the Bar Date. *See, Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).

27.     The Proof of Claim Form will state, along with the claimant's name: (a) whether the claimant's claim is listed in the Schedules; (b) whether the claimant's claim is listed as disputed, contingent, or unliquidated; and (c) whether the claimant's claim is listed as secured, unsecured, or priority. If a claim is listed in the Schedules in a liquidated amount that is not disputed or contingent, the dollar amount of the claim (as listed in the Schedules) also will be identified on the Proof of Claim Form. Any entity that relies on the information in the Schedules will bear responsibility for determining that its claim is accurately listed therein.

28.     For any claim to be validly and properly filed, a claimant must submit a completed, signed original of the Proof of Claim Form together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), so as to be actually received no later than 5 p.m. ET on the applicable Bar Date, to the Claims Agent (a) at the address identified on the Bar Dates Notice, or (b) electronically, using the interface available on the Claims Agent's website at http://dm.epiq11.com/Seisenbacher. All filed Proof of Claim Forms must: (a) be written in English; (b) be denominated in lawful currency of the United States; and (c) conform substantially with the Proof of Claim Form.

4843-5161-6982.3

29.     Debtor proposes that claimants be permitted to submit Proof of Claim Forms by mail or overnight delivery. Proof of Claim Forms submitted by facsimile or e-mail will not be accepted. Proof of Claim Forms will be deemed filed when actually received by the Claims Agent.

**VIII.   <u>Effect of Failure to File a Proof of Claim Form</u>**

30.     Debtor proposes that entities that fail to properly file a Proof of Claim Form by the applicable Bar Date, including a Proof of Claim with respect to a 503(b)(9) Claim or a Setoff Claim, be forever barred, estopped, and enjoined from: (a) asserting any prepetition claim against Debtor that such entity may possess and that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent, and liquidated, or (ii) is of a different nature, classification, or priority than any claim identified in the Schedules on behalf of such entity (any claim under this subparagraph (a) being referred to herein as an "<u>Unscheduled Claim</u>"); and (b) voting upon, or receiving distributions under, any chapter 11 plan in this case in respect of an Unscheduled Claim.

**<u>NOTICE</u>**

31.     No trustee, examiner, or creditors' committee has been appointed in these chapter 11 cases.  Notice of this Motion has been given to: (i) the Office of the United States Trustee for the Western District of New York; (ii) the holders of the twenty (20) largest unsecured claims against the Debtor; (iii) the Office of the Attorney General of New York; (iv) the Office of the New York Secretary of State; (v) the New York State Treasury; (vi) the Internal Revenue Service; and (vii) all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The Debtor respectfully submits that no further notice of this Motion is required.

## NO PRIOR REQUEST

32.     No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE**, the Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: January 19, 2021
New York, NY

NIXON PEABODY LLP

/s/*Christopher M. Desiderio*_____
Christopher M. Desiderio
Christopher J. Fong
55 West 46th Street
New York, NY 10036
Telephone: 212-940-3724
Facsimile: 855-900-8613
cdesiderio@nixonpeabody.com
cfong@nixonpeabody.com

*Proposed Counsel to the Debtor and Debtor in Possession*

4843-5161-6982.3

**EXHIBIT A**

**PROPOSED ORDER**

4843-5161-6982.3

Case 2-21-20022-PRW,    Doc 1-4,    Filed 01/19/21,    Entered 01/19/21 18:36:26,
Description:  Debtors Motion for Entry of Order Authorizing Bar Dates and Approving the, Page 13 of 32

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                  :

**In re:**                                  :        **Case No. 21-_____ (___)**
                                  :

**SEISENBACHER INC.,**           :        **Subchapter V**
                                  :

                **Debtor.[1]**              :
-------------------------------------------------------------x

### ORDER GRANTING DEBTORS' MOTION (I) ESTABLISHING BAR DATES FOR FILING CLAIMS, AND (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "Motion")[2] of Seisenbacher Inc. (the "Debtor") seeking entry of an order (i) establishing bar dates for filing claims and (ii) approving the form and manner of notice thereof, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

      1.      The Motion is GRANTED as provided herein.

---

[1]     The last four digits of the Debtor's federal tax identification number are 1744.

[2]     Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4843-5161-6982.3

Case 2-21-20022-PRW,  Doc 1-4,  Filed 01/19/21,  Entered 01/19/21 18:36:26,
Description:  Debtors Motion for Entry of Order Authorizing Bar Dates and Approving the, Page 14 of 32

2.     The forms of the Bar Date Notice[3] and the Proof of Claim Form, and the manner of providing notice of the Bar Dates proposed in the Motion, are approved in all respects. The form and manner of notice of the Bar Dates approved herein satisfy the notice requirements of the Bankruptcy Code and the Bankruptcy Rules. As such, Debtor is authorized to serve the Bar Dates Notice Package in the manner described below.

3.     This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

4.     **THE FOLLOWING BAR DATES ARE ESTABLISHED IN THIS CASE:**

a.     **The General Bar Date.** Except as described below, March 15, 2021 at 5:00 p.m. ET is hereby established as the general bar date ("General Bar Date") as the deadline for filing (a) proofs of claim against Debtor on account of prepetition unsecured or secured, priority, or nonpriority claims (as defined in section 101(5) of the Bankruptcy Code), (b) proofs of claim on account of claims arising under section 503(b)(9) of the Bankruptcy Code ("503(b)(9) Claims"), and (c) proofs of claims with a right of setoff (a "Setoff Claim") that any party could assert against Debtor.

b.     **The Governmental Bar Date.** Except as described below, all governmental units holding claims (whether secured, unsecured, priority, or unsecured nonpriority, including claims arising under section 503(b)(9) of the Bankruptcy Code and any Setoff Claims) against Debtor that arose before the Petition Date must file proofs of claim by the July 19, 2021 at 5:00 p.m. ET ("Governmental Bar Date").

c.     **The Rejection Bar Date.** Any entity whose claims arise out of the Court-approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation of a plan in Debtor's chapter 11 case, must file a proof of claim **on or before the later of (i) the General Bar Date, and (ii) 35 days after the entry of the order providing for the rejection of such executory contract or unexpired lease.**

d.     **The Amended Schedules Bar Date.** If, subsequent to the mailing date of the Bar Date Notice, Debtor further amends or supplements its Schedules to reduce the undisputed, noncontingent, and liquidated amount or to change the nature or classification of a claim against Debtor reflected therein, any affected entities that dispute such changes are required to file a proof of claim or amend any previously

---

[3]     Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

2

filed proof of claim in respect of the amended scheduled claim **on or before the later of: (i) the General Bar Date; and (ii) 35 days after the date that notice of the applicable amendment to the Schedules is served on the claimant.**

5. Subject to terms described above for holders of claims subject to the Governmental Bar Date, Rejection Bar Date, and the Amended Schedules Bar Date, the following entities must file proofs of claim on or before the General Bar Date:

   e. any entity (i) whose prepetition claim against Debtor is not listed in the Schedules or is listed as disputed, contingent, or unliquidated, and (ii) that desires to share in any distribution in this chapter 11 case; and

   f. any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount different from the classification or amount identified in the Schedules.

6. The following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file claims in this case:

   a. any entity that already has filed a signed proof of claim against Debtor in a form substantially similar to Official Bankruptcy Form No. B 410 with: (i) the Clerk of the Bankruptcy Court for the Western District of New York, or (ii) the Debtor's claims and administrative agent, Epiq Corporate Restructuring, LLC (the "Claims Agent");

   b. any entity (i) whose claim against Debtor is not listed as disputed, contingent, or unliquidated in the Schedules, and (ii) which agrees with the nature, classification, and amount of its claim as identified in the Schedules;

   c. any entity whose claim against Debtor previously has been allowed by, or paid pursuant to, an order of the Court;

   d. any current or former officer, director, or employee of any Debtor for claims based on indemnification, contribution, or reimbursement (these claims are being resolved in the Plan); and

   e. any claim of Seisenbacher GmbH, the Debtor's parent company (these claims are being resolved in the Plan).

7. In addition, the following holders are not required to file administrative expense claims:

3

4843-5161-6982.3

a.      any party that has already properly filed an administrative expense claim that clearly sets forth that such party is asserting an administrative expense claim;

b.      any party whose administrative expense claim has been allowed by a prior order of the Court;

c.      any professional advisor (e.g., attorneys, financial advisors, accountants, claims agents) whose administrative expense claim is for compensation for legal, financial advisory, accounting, and other services and reimbursement of expenses awarded or allowed under sections 330(a), 331, or 503 of the Bankruptcy Code;

d.      any claim of any current or former officer or director of the Debtor for indemnification or contribution or based upon any officer or director or other policy of insurance (these claims are being resolved in the Plan);

e.      Seisenbacher GmbH, (these claims are being resolved in the Plan); and

f.      governmental entities holding claims covered by section 503(b)(1)(B), (C), or (D) of the Bankruptcy Code.

8.      The following procedures for the filing of a Proof of Claim Form shall apply:

a.      Parties asserting a General Claim must use (a) a Proof of Claim Form substantially in the form attached as Exhibit C to the Motion, or (b) a Proof of Claim Form that is obtained from the U.S. Courts' website at http://www.uscourts.gov/forms/bankruptcy-forms#official (Form B410 and appropriate attachments).

b.      A Proof of Claim is deemed to be timely filed only if it is actually received by the Claims Agent by the applicable Bar Date as follows:

    i.      Electronically, using the interface available on the Claims and Noticing Agent's website at http://dm.epiq11.com/Seisenbacher,

    ii.     By first class mail to:

            Seisenbacher, Inc. Claims Processing
            c/o Epiq Corporate Restructuring, LLC
            P.O. Box 4420
            Beaverton, OR 97076-4420

    iii.    By overnight or hand delivery to:

            Seisenbacher, Inc. Claims Processing
            c/o Epiq Corporate Restructuring, LLC
            10300 SW Allen Blvd.
            Beaverton, OR 97005

4

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE
OR ELECTRONIC MAIL WILL NOT BE ACCEPTED**

    c.        Forms will be collected, docketed, and maintained by the Claims Agent.

    d.        All forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The form must be written in English and be denominated in United States currency. Any documents on which the claim is based should be attached to the completed form (or, if such documents are voluminous, a summary should be attached) or an explanation as to why the documents are not available.

    9.        Any entity holding an interest in the Debtor ("Interest Holder"), which interest is based exclusively upon the ownership of: (a) a membership interest in a limited liability company; (b) common or preferred stock in a corporation; or (c) warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, Interest Holders who want to assert claims against Debtor that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file a claim by the applicable Bar Dates, unless another exception identified in this order applies.

    10.        Debtor shall retain the right to: (a) dispute, or assert offsets or defenses against, any filed proofs of claim, or any claim listed or reflected in the Schedules, as to nature, amount, liability, classification, or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules. If Debtor subsequently amends or supplements the Schedules, Debtor shall give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.

4843-5161-6982.3

11.     If the Debtor further amends or supplements its Schedules to reduce the undisputed, noncontingent, and liquidated amount, to change the nature or classification of a claim against Debtor or to add a new claim in the Schedules, any affected entities that dispute such changes must file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein by the Amended Schedules Bar Date. Notwithstanding the foregoing, nothing contained herein shall preclude Debtor from objecting to any claim, whether scheduled or filed, on any grounds.

12.     **ENTITIES THAT FAIL TO PROPERLY FILE A PROOF OF CLAIM FORM BY THE APPLICABLE BAR DATE, SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM: (A) ASSERTING ANY PREPETITION CLAIM AGAINST DEBTOR THAT SUCH ENTITY MAY POSSESS AND THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT, AND LIQUIDATED, OR (II) IS OF A DIFFERENT NATURE, CLASSIFICATION, OR PRIORITY THAN ANY CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM UNDER THIS SUBPARAGRAPH (A) BEING REFERRED TO HEREIN AS "UNSCHEDULED CLAIM"); AND (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THIS CASE IN RESPECT OF AN UNSCHEDULED CLAIM.**

13.     As soon as practicable, but no later than three business days after the entry of the Bar Date Order, Debtor, through the Claims Agent or otherwise, serve the Bar Dates Notice Package by first-class United States mail to: (a) all holders of claims or potential claims listed in

6

4843-5161-6982.3

Case 2-21-20022-PRW,   Doc 1-4,   Filed 01/19/21,   Entered 01/19/21 18:36:26,
Description:  Debtors Motion for Entry of Order Authorizing Bar Dates and Approving the, Page 19 of 32

the Schedules; (b) the U.S. Trustee; (c) the Office of the United States Trustee for the Western District of New York; (d) all parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Dates Order; (e) all counterparties to executory contracts and unexpired leases of Debtor listed in the Schedules; (f) all parties to litigation with Debtor, if any; (g) the District Director of Internal Revenue for the Western District of New York and all other taxing authorities for the jurisdictions in which Debtor conducts business; (h) all holders of record of any Interests in Debtor as of the date of the Bar Date Order, if any (although copies of the Proof of Claim Form will not be provided to them); (i) all other entities listed on Debtor's consolidated matrix of creditors; and (j) counsel to any of the foregoing, if known.

14.     The Debtor shall publish notice of the Bar Date in one daily edition of either the New York Times, the Wall Street Journal, or USA Today, national editions, in consultation with the United States Trustee for the Western District of New York no later than 28 days prior to the General Bar Date.

15.     The Proof of Claim Form will state, along with the claimant's name: (a) whether the claimant's claim is listed in the Schedules; (b) whether the claimant's claim is listed as disputed, contingent, or unliquidated; and (c) whether the claimant's claim is listed as secured, unsecured, or priority. If a claim is listed in the Schedules in a liquidated amount that is not disputed or contingent, the dollar amount of the claim (as listed in the Schedules) also will be identified on the Proof of Claim Form. Any entity that relies on the information in the Schedules will bear responsibility for determining that its claim is accurately listed therein.

4843-5161-6982.3

16.     The Debtor and the Claims Agent are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this order.

17.     The entry of this order is without prejudice to the right of Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file proofs of claim or interest.

18.     This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2021


_____
UNITED STATES BANKRUPTCY JUDGE

4843-5161-6982.3

**EXHIBIT B**

**BAR DATE NOTICE**

4843-5161-6982.3

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                :

In re:                           :     **Case No. 21-_____ (___)**
                                :

**SEISENBACHER INC.,**       :     **Subchapter V**
                                :

             **Debtor.**[1]        :
-------------------------------------------------------------x

## NOTICE OF BAR DATES FOR FILING CLAIMS

TO ALL CREDITORS OF THE ABOVE-CAPTIONED DEBTOR AND DEBTOR-IN-POSSESSION ("DEBTOR"):

On January 19, 2021 ("Petition Date"), Seisenbacher Inc. (the "Debtor") commenced a case by filing a voluntary petition for relief under Subchapter V of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. ("Bankruptcy Code").

On _____, 2021, the United States Bankruptcy Court for the Western District of New York ("Court") entered an order ("Bar Date Order") in Debtor's chapter 11 case establishing certain claims bar dates as set forth below.

Pursuant to the Bar Date Order, the Court has established March 15, 2021 at 5 p.m. ET as the general bar date ("General Bar Date") for filing claims that arose prior to Debtor's Petition Date, including secured claims, unsecured priority claims, unsecured nonpriority claims, claims against Debtor arising under section 503(b)(9) of the Bankruptcy Code, and claims with a right of setoff. Proofs of claim of governmental units must be filed by July 19, 2021 at 5 p.m. ET.

**As used in this notice, the term "claim" has the meaning provided in section 101(5) of the Bankruptcy Code and means, as to or against Debtor and in accordance with section 101(5) of the Bankruptcy Code: (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.**

As used in this notice, the term "governmental unit" has the meaning attributed to it in Bankruptcy Code section 101(27) and includes the United States, states, commonwealths,

---

[1]    The last four digits of the Debtor's federal tax identification number are 1744.

4843-5161-6982.3

Case 2-21-20022-PRW, Doc 1-4, Filed 01/19/21, Entered 01/19/21 18:36:26, Description: Debtors Motion for Entry of Order Authorizing Bar Dates and Approving the, Page 23 of 32

districts, territories, municipalities, foreign states or departments, agencies or instrumentalities of the foregoing.

## THE BAR DATES

The Bar Date Order establishes the following bar dates for filing claims in these cases (the collectively, "Bar Dates"):

**The General Bar Date.** Pursuant to the Bar Date Order, except as described below, all entities holding claims (whether secured, unsecured, priority, or unsecured nonpriority, including claims arising under section 503(b)(9) of the Bankruptcy Code and claims secured by a right of setoff ("Setoff Claim")) against Debtor that arose before Debtor's Petition Date must file proofs of claim by the General Bar Date—March 15, 2021 at 5 p.m. ET. The claims subject to the General Bar Date are referred to herein as "General Claims."

**The Governmental Bar Date.** Pursuant to the Bar Date Order, except as described below, all governmental units holding claims (whether secured, unsecured, priority, or unsecured nonpriority, including claims arising under section 502(b)(9) of the Bankruptcy Code and any Setoff Claim) against Debtor that arose before the Petition Date must file proofs of claim by the Governmental Bar Date—July 19, 2021 at 5 p.m. ET.

**The Rejection Bar Date.** Any entity whose claims arise out of the Court approved rejection of an executory contract or unexpired lease, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to or concurrent with the confirmation of a plan in Debtor's chapter 11 case, must file a proof of claim on or before the later of (i) the General Bar Date, and (ii) 35 days after the entry of the order providing for the rejection of such executory contract or unexpired lease. The later of these dates is referred to in this notice as the "Rejection Bar Date."

**The Amended Schedules Bar Date.** If, subsequent to the mailing date of this notice, Debtor further amends or supplements its Schedules of Assets and Liabilities ("Schedules") to reduce the undisputed, noncontingent, and/or liquidated amount or to change the nature or classification of a claim against Debtor reflected therein, any affected entities that dispute any changes are required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of: (i) the General Bar Date; and (ii) 35 days after the date that notice of the applicable amendment to the Schedules is served on the claimant. The later of these dates is referred to in this notice as the "Amended Schedule Bar Date."

## FILING CLAIMS

### A. WHO MUST FILE

Subject to terms described above for holders of claims subject to the Governmental Bar Date, Rejection Bar Date, and the Amended Schedules Bar Date, the following entities **must** file proofs of claim on or before the General Bar Date:

4843-5161-6982.3

Case 2-21-20022-PRW,   Doc 1-4,   Filed 01/19/21,   Entered 01/19/21 18:36:26,
Description:  Debtors Motion for Entry of Order Authorizing Bar Dates and Approving the, Page 24 of 32

a. any entity (i) whose prepetition claim against Debtor is not listed in the Schedules or is listed as disputed, contingent, or unliquidated, and (ii) that desires to share in any distribution in this chapter 11 case; and

b. any entity that believes that its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount different from the classification or amount identified in the Schedules.

## B. **WHAT TO FILE**

### **Prepetition Claims**

Parties asserting claims against Debtor that arose before the Petition Date, including claims arising under section 503(b)(9) of the Bankruptcy Code, may use the copy of the proof of claim form ("Proof of Claim Form") included with this notice. Additional copies of the Proof of Claim forms may be obtained online through the website Debtor's Court-approved claims and noticing agent, Epiq Corporate Restructuring, LLC (the "Claims Agent"). established for Debtor at http://dm.epiq11.com/Seisenbacher ("Claims Agent Website"). Blank Proof of Claim forms may be obtained from the U.S. Courts website at http://www.uscourts.gov/forms/bankruptcy-forms#official (Form B410 and appropriate attachments).

## C. **WHEN AND WHERE TO FILE**

A Proof of Claim is deemed to be timely filed only if it is actually received by the Claims Agent, or by the Court by the applicable Bar Date as follows:

  i.    Electronically, using the interface available on the Claims and Noticing Agent's website at http://dm.epiq11.com/Seisenbacher,

  ii.   By first class mail to:

        Seisenbacher, Inc. Claims Processing
        c/o Epiq Corporate Restructuring, LLC
        P.O. Box 4420
        Beaverton, OR 97076-4420

  iii.  By overnight or hand delivery to:

        Seisenbacher, Inc. Claims Processing
        c/o Epiq Corporate Restructuring, LLC
        10300 SW Allen Blvd.
        Beaverton, OR 97005

### **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED**

Forms will be collected, docketed, and maintained by the Claims Agent.

All forms must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. The form must be written in English and be denominated in

4843-5161-6982.3

Case 2-21-20022-PRW,   Doc 1-4,   Filed 01/19/21,   Entered 01/19/21 18:36:26,
Description:  Debtors Motion for Entry of Order Authorizing Bar Dates and Approving the, Page 25 of 32

United States currency. Any documents on which the claim is based should be attached to the completed form (or, if such documents are voluminous, a summary should be attached) or an explanation as to why the documents are not available.

### D. ENTITIES NOT REQUIRED TO FILE A CLAIM

The Bar Date Order further provides that the following entities, whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date, need not file claims in this case:

a. any entity that already has filed a signed proof of claim against Debtor in a form substantially similar to Official Bankruptcy Form No. B 410 with: (i) the Clerk of the Bankruptcy Court for the Western District of New York, or (ii) the Debtor's claims and noticing agent, the Claims Agent;

b. any entity (i) whose claim against Debtor is not listed as disputed, contingent, or unliquidated in the Schedules, and (ii) which agrees with the nature, classification, and amount of its claim as identified in the Schedules;

c. any entity whose claim against Debtor previously has been allowed by, or paid pursuant to, an order of the Court;

d. any current or former officer, director, or employee of any Debtor for claims based on indemnification, contribution, or reimbursement (these claims are being resolved in the Plan); and

e. any claim of Seisenbacher GmbH, the Debtor's parent company (these claims are being resolved in the Plan).

In addition, the Bar Date Order provides that the following holders not be required to file administrative expense claims:

a. any party that has already properly filed an administrative expense claim that clearly sets forth that such party is asserting an administrative expense claim;

b. any party whose administrative expense claim has been allowed by a prior order of the Court;

c. any professional advisor (e.g., attorneys, financial advisors, accountants, claims agents) whose administrative expense claim is for compensation for legal, financial advisory, accounting, and other services and reimbursement of expenses awarded or allowed under sections 330(a), 331, or 503 of the Bankruptcy Code;

4843-5161-6982.3

Case 2-21-20022-PRW,   Doc 1-4,   Filed 01/19/21,   Entered 01/19/21 18:36:26,
Description:  Debtors Motion for Entry of Order Authorizing Bar Dates and Approving the, Page 26 of 32

d.  any claim of any current or former officer or director of the Debtor for indemnification or contribution or based upon any officer or director or other policy of insurance (these claims are being resolved in the Plan;

e.  Seisenbacher GmbH, (these claims are being resolved in the Plan); and

f.  governmental entities holding claims covered by section 503(b)(1)(B), (C), or (D) of the Bankruptcy Code.

## NO REQUIREMENT TO FILE PROOFS OF INTEREST

Any entity holding an interest in Debtor ("Interest Holder"), which interest is based exclusively upon the ownership of: (a) a membership interest in a limited liability company; (b) common or preferred stock in a corporation; or (c) warrants or rights to purchase, sell, or subscribe to such a security or interest (any such security or interest being referred to herein as an "Interest"), need not file a proof of interest on or before the General Bar Date; provided, however, Interest Holders who want to assert claims against Debtor that arises out of or relates to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of the Interest, must file a claim by the applicable Bar Dates, unless another exception identified in this motion applies.

## CONSEQUENCES OF FAILURE TO FILE A CLAIM

ENTITIES THAT FAIL TO PROPERLY FILE A PROOF OF CLAIM FORM BY THE APPLICABLE BAR DATE SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM: (A) ASSERTING ANY GENERAL CLAIM AGAINST DEBTOR THAT SUCH ENTITY MAY POSSESS AND THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT, AND LIQUIDATED, OR (II) IS OF A DIFFERENT NATURE, CLASSIFICATION, OR PRIORITY THAN ANY CLAIM IDENTIFIED IN THE SCHEDULES ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM UNDER THIS SUBPARAGRAPH (A) BEING REFERRED TO HEREIN AS AN "UNSCHEDULED CLAIM"); AND (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY CHAPTER 11 PLAN IN THESE CASES IN RESPECT OF AN UNSCHEDULED CLAIM.

## ADDITIONAL INFORMATION

If you require additional information regarding the filing of a claim, you may contact the Claims Agent at Seisenbacher@epiqglobal.com or by submitting an inquiry at http://dm.epiq11.com/Seisenbacher. Copies of the Bar Date Order and other information regarding Debtor's chapter 11 cases are available for inspection free of charge on the Claims Agent Website. The Claims Agent cannot advise you how to file, or whether you should file, a claim. You may wish to consult an attorney regarding this matter.

4843-5161-6982.3

Case 2-21-20022-PRW,   Doc 1-4,   Filed 01/19/21,   Entered 01/19/21 18:36:26,
Description:  Debtors Motion for Entry of Order Authorizing Bar Dates and Approving the, Page 27 of 32

Dated: [_____]
New York, NY

NIXON PEABODY LLP

/s/_____
Christopher M. Desiderio
Christopher J. Fong
55 West 46th Street
New York, NY 10036
Telephone: 212-940-3724
Facsimile: 855-900-8613
cdesiderio@nixonpeabody.com
cfong@nixonpeabody.com

*Proposed Counsel to the Debtor and Debtor in
Possession*

4843-5161-6982.3

Case 2-21-20022-PRW,    Doc 1-4,    Filed 01/19/21,    Entered 01/19/21 18:36:26,
Description:  Debtors Motion for Entry of Order Authorizing Bar Dates and Approving the, Page 28 of 32

**EXHIBIT C**

**PROOF OF CLAIM**

4843-5161-6982.3

**United States Bankruptcy Court for Western District of New York**
**Seisenbacher Inc. Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4420**
**Beaverton, OR 97076-4420**

To submit your form online please go to https://epiqworkflow.com/cases/Seisenbacher

**Name of Debtor:**
**Case Number:**

☐ Check box if the address on the envelope sent to you by the court needs to be updated. Identify your replacement address in Part 1 (Section 3) below.

**For Court Use Only**

# Proof of Claim (Official Form 410)

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1.  Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): _____

Other names the creditor used with the debtor: _____

**2.  Has this claim been acquired from someone else?**  ☐ No ☐ Yes.  From whom? _____

**3.  Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Name _____

Number      Street _____

City                    State         ZIP Code

Country (if International): _____

Contact phone: _____

Contact email: _____

**Where should payments to the creditor be sent?**
(if different)

Name _____

Number      Street _____

City                    State         ZIP Code

Country (if International): _____

Contact phone: _____

Contact email: _____

**4.  Does this claim amend one already filed?**

☐ No

☐ Yes.   Claim number on court claims register (if known) _____

Filed on _____
              MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes.  Who made the earlier filing?

_____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

____  ____  ____  ____

**7. How much is the claim?**

$_____ .

**Does this amount include interest or other charges?**

☐ No

☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.

_____

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.    The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate.  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other.  Describe: _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                      $_____

**Amount of the claim that is secured:**      $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any
default as of the date of the petition:**  $_____

**Annual Interest Rate** (when case was filed)  _____%

☐ Fixed   ☐

Variable

**10.  Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure
any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property:

_____

**12.  Is all or part of the claim entitled to priority
under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier.  11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(___) that applies.

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

---

| **Part 3:** | **Sign Below** |
| --- | --- |

The person completing this proof of claim must sign and date it.  FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐  I am the creditor.

☐  I am the creditor's attorney or authorized agent.

☐  I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐  I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____

        MM / DD / YYYY        Signature

**Print the name of the person who is completing and signing this claim:**

Name    _____

        First name        Middle name        Last name

Title    _____

Company _____

        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address  _____

        Number        Street

        _____

        City            State        ZIP Code

Contact Phone _____    Email _____

# Official Form 410 - Instructions for Proof of Claim

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**
- **Fill in the caption at the top of the form.** Fill in the name of the Debtor in the bankruptcy case, and the bankruptcy case number.

  21-XXXXX                                    Seisenbacher Inc.

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential health care information both in the claim and in the attached documents.**
- **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State)*. See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (http://dm.epiq11.com/Seisenbacher) to view your filed form under "Claims."

## Where to Send Proof of Claim Form

**First Class Mail:**

**Seisenbacher Inc. Claims Processing Center**

**c/o Epiq Corporate Restructuring, LLC**

**PO Box 4420**

**Beaverton, OR 97076-4420**

**Hand Delivery or Overnight Mail:**

**Seisenbacher Inc. Claims Processing Center**

**c/o Epiq Corporate Restructuring, LLC**

**10300 SW Allen Blvd**

**Beaverton, OR 97005**

## Understand the terms used in this form

**Administrative expense**: Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim**: A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor**: A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor**: A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection**: Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy**: A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim**: A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim**: A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information**: Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a)**: A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff**: Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier**: An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim**: A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.